Hugo MENDEZ; Suzanne Katie Mendez; Anthony Ezequiel Mendez; Christopher Henry Montes; Maria Mendez, by and through their Guardian Ad Litem, Plaintiffs—Appellants,

v.

COUNTY OF LOS ANGELES; Bradley Phillip Gray; Sherman Block; Lee Baca, Defendants—Appellees.

No. 04–55476.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2005.

Decided Jan. 25, 2006.

Danilo J. Becerra, Arnoldo Casillas, Esq., Moreno, Becerra & Guerrero, Montebello, CA, for Plaintiffs–Appellants.

S. Robert Ambrose, Esq., Office of the County Counsel Kenneth Hahn Hall of

Administration, Los Angeles, CA, for Defendants–Appellees.

Before: RYMER and WARDLAW, Circuit Judges, and REED,* District Judge.

MEMORANDUM **

Hugo Mendez appeals the district court's denial of his motion for a new trial. We review the district court's ruling on a motion for new trial for an abuse of discretion. *See McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir.2003), *cert. denied,* 540 U.S. 1160, 124 S.Ct. 1169, 157 L.Ed.2d 1204 (2004). Because the district court properly denied Mendez's motion for a new trial, we affirm.

**A.**

■ Mendez argues that the clear weight of the evidence does not support the jury's finding that Gray was not acting under color of law at the time he fired his weapon. We will reverse the district court's denial of a new trial on insufficiency of the evidence grounds only if " 'the record contains no evidence in support of the verdict.' " *Dixon v. Wallowa County,* 336 F.3d 1013, 1019 (9th Cir.2003) (quoting *Hemmings v. Tidyman's Inc.,* 285 F.3d 1174, 1189–90 (9th Cir.2002)). We conclude that the jury's verdict was supported by sufficient evidence in the record.

"[A] defendant in a § 1983 suit acts under color of state law when he abuses

---

* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the position given to him by the State. Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West v. Atkins*, 487 U.S. 42, 50, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (internal citation omitted). A rational juror could have found from the evidence that Gray was acting as a private citizen and that he was neither acting in his official capacity at the time of the shooting nor exercising police responsibilities. Gray was not wearing his uniform; he was in his private car; at the time of the shooting, he did not attempt to use his authority as an officer to take control of Mendez or Mondragon, such as by stopping, detaining, or arresting them. Although Gray admitted to showing his badge and gun before the shooting in order to deter Mendez from chasing him further, the record supports a finding that at the time Gray fired his weapon, he was acting as a private citizen. That a jury could also have reached a different conclusion is irrelevant to our inquiry.

## B.

■ Mendez argues that the district court abused its discretion by improperly responding to Jury Question 3 and by ruling that Mendez had waived objection to the response. Mendez, however, failed to preserve this objection because he acceded to the court's proposed response to the jury question and therefore waived objection under Federal Rule of Civil Procedure 51. While Mendez is correct that "rote compliance with Rule 51 is not required," *Biundo v. Old Equity Life Ins. Co.*, 662 F.2d 1297, 1300 (9th Cir.1981), here, while there was extensive colloquy about the response required to clear up the jury confusion, counsel ultimately agreed to the court's proposed answer, stating that he would defer further clarification until the jury asked a subsequent question. That

the jury instead entered a verdict does not correct Mendez's failure to object at the time and does not resurrect an opportunity for him to do so now. *See Voohries–Larson v. Cessna Aircraft Co.*, 241 F.3d 707, 714–15 (9th Cir.2001).

## C.

■ Nor did the district court abuse its discretion in refusing to grant a new trial on the grounds of jury misconduct. "Jurors have a duty to consider only the evidence which is presented to them in open court." *Bayramoglu v. Estelle*, 806 F.2d 880, 887 (9th Cir.1986). Even if the jury conducted an improper experiment by using an item admitted into evidence to create a sound that was not in evidence, a new trial is appropriate only "if there is a reasonable probability that it could have affected the verdict. The ultimate question is whether it can be concluded beyond a reasonable doubt that extrinsic evidence did not contribute to the verdict." *Id.* (internal quotation marks and citation omitted). Mendez was not prejudiced because the question of what sound was made by the club striking metal, or by the club striking a car, was immaterial to the verdict, which rested on the finding that Gray had not acted under color of law. Therefore, any misconduct involving the jurors' experiment could not be grounds for a new trial.

AFFIRMED.